IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN § | | |
| TDCJ-CID #616132 § | | |
| § | | |
| VS. § | | C.A. NO. C-05-576 |
| § | | |
| RICK PERRY, ET AL. § | | |

**MEMORANDUM AND RECOMMENDATION
TO REDESIGNATE HABEAS CORPUS PETITION
AS A § 1983 COMPLAINT AND TO DISMISS COMPLAINT**

On October 13, 2005, James Eric Loften (Loften), a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, (TDCJ-CID) filed with the United States District Court for the Northern District of California, San Francisco Division, what he characterizes as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (D.E.1). By order of transfer entered December 13, 2005, the California district court transferred the proceeding to this Court (D.E. 4).

In his original pleading, Loften complains about a conspiracy between the United States government, the State of Texas, members of the federal and state judiciary, and other agencies and individuals to deny him his constitutional rights. Loften claims that he has been denied extra paper, given false disciplinary cases, and that his habeas corpus applications have been wrongfully dismissed by both the federal and state courts in Texas, resulting in an obstruction of justice. The relief he seeks is to file a successive § 2254 petition without regard to the gate-keeping provisions of 28 U.S.C. § 2244. That is, he contends that application of § 2244 to his successive habeas petitions violates his due process rights.

**Not a true habeas case**

Loften characterizes his pleading as one for habeas corpus relief. In <u>Jackson v. Torres</u>, the Fifth Circuit distinguished between § 1983 claims and claims for habeas corpus relief as follows:

> The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.

<u>Jackson v. Torres</u>, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam) (citing <u>Johnson v. Hardy</u>, 601 F.2d 172, 174 (5th Cir. 1979).

Loften fails to state a claim for habeas corpus relief. He does not complain about his underlying state court conviction. Rather, he argues that his previous habeas corpus applications were wrongfully denied and/or dismissed, and he objects to § 2244's successive petition screening process as violative of due process. Such a claim does not address the fact or duration of his confinement. It is recommended that the action be designated as a civil rights action under 42 U.S.C. § 1983.

**Civil rights claim**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. <u>Oliver v. Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002). The

complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

Here, Loften complains that the application of § 2244 to dismiss his federal habeas petitions violates his due process rights.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, amended both the procedure and the standard of review to be employed in federal challenges to state convictions. The AEDPA imposes severe restrictions on the consideration of second or successive petitions. See generally, 17A Charles Alan Wright et al., Federal Practice and Procedure § 4267 (West Supp. 2000); 28 U.S.C. § 2244(b). If a claim was previously presented in an earlier federal application, and the petitioner now tries to present the claim in a second or successive petition, the claim must be dismissed. Wright et al., *supra*; 28 U.S.C. § 2244(b)(1). If the claim is not one that was previously presented to the federal courts, that is, if it is a "new" claim, the claim must be dismissed unless the petitioner can show one of the following: (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. Wright et al., *supra*; 28 U.S.C. § 2244(b)(2)(A) and (B).

A petitioner raising a new claim must also overcome a procedural barrier: before filing a second or successive application that would satisfy either subsection (A) or (B) of §2244(b)(2), the

petitioner must move in the court of appeals for an order authorizing the district court to consider the application. Wright et al., *supra*; 28 U.S.C. § 2244(b)(3)(A). A three judge panel of the court of appeals will then determine if the petitioner can make of *prima facie* showing that his application satisfies either of the exceptions under § 2244(b)(2). 28 U.S.C. § 2244(b)(3)(C).

Loften argues that AEDPA's prohibition on successive applications violates his due process rights. The constitutionality of the AEDPA and its provisions regarding successive petitions have been upheld on review. See extensive discussion in Graham v. Johnson, 168 F.3d 762, 787-88 (5th Cir. 1999) (AEDPA's successive application rules are well within the traditional authority of Congress and the courts to curb abuses of the writ and do not violate due process or constitute cruel and unusual punishment). Loften fails to state a cognizable § 1983 claim.

### Recommendation

Loften's original pleading complaining of a conspiracy and obstruction of justice because his prior state and federal habeas corpus applications have been dismissed or denied does not attack the validity of his state court conviction nor challenge the fact or duration of his confinement, and will not support habeas corpus relief. Accordingly, it is recommended that this case be redesignated as a civil rights case. Loften's claim, however, challenging the prohibition against successive petitions set forth in § 2244, fails to raise a constitutional issue. It is respectfully recommended that this action be dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915A.

It is further recommended that, should the Court adopt this recommendation, that the Clerk be instructed to send a copy of this order to **the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the**

**Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 27th day of January, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).