IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAMES ERIC LOFTEN                     §
    TDCJ-CID #616132                  §
                                      §
V.                                    §          C.A. NO. C-05-576
                                      §
RICK PERRY, ET AL.                    §

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR NEW TRIAL**

Pending is plaintiff's "Motion to Amend the Final Judgment" (D.E. 18).  Construing plaintiff's motion as a Rule 59(e) motion for new trial, it is respectfully recommended that the motion be denied.

### I. Background

Plaintiff's habeas corpus petition was transferred from the Northern District of California (D.E. 6).  The case was redesignated as a civil rights action filed pursuant to 42 U.S.C. § 1983 and final judgment dismissing the suit as frivolous was entered February 28, 2006 (D.E. 15, 16).  On March 16, 2006, the District Clerk filed plaintiff's motion to amend the substance of the final judgment (D.E. 18).

### II. Discussion

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e).  Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam);  Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000).  In this case, final judgment was entered on February 28, 2006 ( D.E. 15).  Plaintiff executed his motion to amend on March 10, 2006, and it is deemed filed as of that date.  Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).  Thus, his motion was filed within ten days of entry of final judgment, and is considered properly under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment.  Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

Plaintiff claims that his original lawsuit was stolen and/or altered by unknown conspirators. His claim that his original lawsuit was altered by unknown conspirators is belied by an examination of the pleadings.   What plaintiff appears to be doing is objecting to the District Court's reclassification of his habeas petition as a civil rights claim.  Plaintiff failed to point to any manifest errors of law committed by the District Court.  Plaintiff can appeal the decision of the District Court to the Fifth Circuit Court of Appeals.  Plaintiff's Rule 59(e) motion lacks merit.

### III.  Recommendation

It is respectfully recommended that plaintiff's motion to alter or amend the judgment (D.E. 18)  be denied.

Respectfully submitted this 7th day of June, 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servcs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).